# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re: **Daniel Blakely**

Case No. **10-45317**

**CHAPTER 13 PLAN - AMENDED**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **261.36** each month for **60** months.
   Debtor(s) elect a voluntary wage order. _____.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | Chase Home Finance LLC | 198,000.00 | | 0.00 | 73.89 | 4,433.31 | 0.00 |
| ■ | ☐ | Freedom Road Financial | 4,242.00 | | 100.00 | 83.70 | | 5.00 |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **Pro Tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|---|---|
| **Chase Home Finance LLC** | **1,750.00** |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):
   **Special Intentions:**
   **USAA Federal Savings Bank: Debtor(s) intend to avoid lien.**
   **Creditor USAA Federal Savings Bank second deed of trust (DOT) shall be stripped from the subject real property located at 4001 Edwards Avenue, Oakland, CA, based on the collateral being worth less than the senior lien. This provision shall be effective only if the Debtor obtains a judgment in an adversary proceeding or approval by order after motion. No payment shall be paid to said creditor and creditor will be required to record a reconveyance of the second DOT after the Debtor receives his discharge.**

Dated: **August 24, 2010**     /s/ **Daniel Blakely**
                                (Debtor)                                   (Debtor)

In re: **Daniel Blakely**  Case No. **10-45317**

**CHAPTER 13 PLAN - AMENDED - Continuation Sheet**

Debtor(s).

I/We **Victor R. Ochoa** am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Victor R. Ochoa**
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor(s)